UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD DAVIS (2), | ) | Criminal No. 09-CR-3396-L-2 |
| Petitioner, | ) ) | **ORDER GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

On December 1, 2011, Petitioner Ronald Davis ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion was based upon the retroactive amendments to the Sentencing Guidelines that pertain to crack cocaine offenses which became effective November 1, 2011. On December 30, 2011, the Government filed a Response and Opposition to the motion. On February 23, 2012, the Court granted Petitioner's motion, and reduced his sentence to 92 months. On March 1, 2012, the Government filed a motion for reconsideration. The Government argues the Court should amend the February 23, 2012 Order and Judgment of Conviction because Petitioner was improperly sentenced below the applicable mandatory minimum sentence of 120 months. Petitioner has not filed a response to the Government's motion.

The Court has reviewed the record and the submissions of the Government, and for the reasons set forth below, GRANTS the Government's motion. Petitioner's term of incarceration is amended to 120 months.

## BACKGROUND

On May 10, 2010, Petitioner was sentenced to 130 months for Distribution of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). Applying the advisory Guidelines in effect at the time of Petitioner's sentencing, the Court found the base offense level was 30, with minus 3 for acceptance of responsibility, for an adjusted base offense level of 27. Petitioner was in criminal history category VI. Therefore, the advisory Guidelines range was 130-162 months. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 130 months. On February 23, 2012, the Court granted Petitioner's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 750 to the Sentencing Guidelines. Applying the amended Guidelines, the Court determined that Petitioner's new applicable guideline range was 92-115 months. The Court found that it was appropriate to sentence Petitioner to the low-end of the new guideline range.

## DISCUSSION

The Government asks for reconsideration, arguing that because Petitioner was sentenced prior to the enactment of the Fair Sentencing Act, he cannot be sentenced below the 10 year mandatory minimum that was applicable at the time of his sentencing.

Motions for reconsideration are disfavored and should be granted only in limited circumstances, such as when the Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).

The Court notes that this is the first time the Government has made any explicit argument about the application of the 10 year mandatory minimum sentence. It's its initial response, the Government argued exclusively that Petitioner was a career offender, and therefore was not eligible for any reduction in his sentence. However, in the interest of justice, the Court will consider the Government's motion for reconsideration.

Amendment 750 reduced the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines, by applying an 18:1 crack-to-powder ratio, instead of a 100:1 ratio. *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual. This Amendment was made retroactive by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(c).

However, the Fair Sentencing Act of 2010 – which raised the necessary amount of crack cocaine to trigger a 10 mandatory minimum sentence – was not made retroactive. *United States v. Baptist*, 646 F.3d 1225 (9th Cir. 2011).

In *United States v. Baptist*, the Ninth Circuit found that Congress did not intend to apply the Fair Sentencing Act to pre-enactment mandatory minimum sentences. *Id.* at 1227. The Court stated "like every other circuit to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." *Id.* at 1229. Therefore, the Court begrudgingly held it was compelled to uphold a five-year mandatory minimum sentence, despite the fact that the defendant would not have been subject to the mandatory minimum under the Fair Sentencing Act. *Id.* at 1229-30 ("That is what the law currently requires, and we have no alternative but to follow it.").

Here, Petitioner was sentenced before the Fair Sentencing Act's enactment. At that time, the 10 year mandatory minimum applied to offenses involving 50 grams or more of crack cocaine.[1] 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Petitioner's offense involved 75.7 grams of crack cocaine. Therefore, he was subject to a mandatory minimum sentence of 120 months. Because the Fair Sentencing Act is not retroactive, the 120 month mandatory minimum sentence must still apply.

## CONCLUSION

The Court finds that under controlling Ninth circuit precedent, it must grant the Government's Motion for Reconsideration. IT IS HEREBY ORDERED that the Court's February 23, 2012 Order is amended as follows:

Defendant's term of imprisonment is reduced to 120 months.

**IT IS SO ORDERED.**

DATED: April 2, 2012

M. James Lorenz
United States District Court Judge

COPIES TO:

---

[1] After enactment of the Fair Sentencing Act, the 10 year mandatory minimum applies to offenses involving 280 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

PETITIONER
U.S. ATTORNEY'S OFFICE
U.S. PROBATION